```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**HECTOR JAUREGUI,**

                        **Petitioner,**

               v.                      CASE NO. 12-3068-RDR

**UNITED STATES**
**OF AMERICA,**

                        **Respondent.**

## O R D E R

       This petition for writ of habeas corpus was filed pro se pursuant to 28 U.S.C. § 2241 by a federal inmate confined at the Cibola County Corrections Center (CCCC) in Milan, New Mexico. Having considered the petition and supplement filed by Mr. Jauregui, the court finds as follows.

       The statutory fee for filing a habeas corpus petition is $5.00, and the fee must be satisfied before the action can proceed. Petitioner has filed an application to proceed in forma pauperis (IFP). Although he has provided some financial information in support of his motion, he has not provided a certified statement of his inmate account that shows his actual current balance, which is generally required by this court. His "average monthly balance" exceeds the amount that would automatically allow him to proceed in forma pauperis. Based on the information before the court, petitioner's motion to proceed in forma pauperis is denied.

       Section 2241(a) of Title 28 U.S.C. provides that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where

the prisoner is confined." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000)(citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner is confined in the District of New Mexico, not the District of Kansas. It follows that this court is not the proper venue for the filing of petitioner's claims under § 2241.

28 U.S.C. § 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

A court may sua sponte cure venue defects by transferring a suit to the appropriate court under 28 U.S.C. §§ 1406(a), when it is in the interests of justice. Thus, this court could order the transfer of this action to the District of New Mexico.

However, the court finds it would not be in the interests of justice to transfer this action because petitioner's claims are vague and their precise nature cannot be discerned. Petitioner brings all his claims under § 2241, but at least one of those claims, that based upon § 5G1.3 of the United States Sentencing Guidelines, is a challenge to his federal conviction or sentence. Challenges to his conviction or sentence must be raised in a motion pursuant to 28 U.S.C. § 2255 filed in his criminal case. It is not properly raised in a § 2241 petition. Suffice it to say that petitioner's § 2241 claims must be presented in the federal court in the District of New Mexico in which he is currently confined, and that his § 2255 claims cannot be raised in a § 2241 petition,

but only in a § 2255 motion filed in the criminal case.

For the foregoing reasons, this action is dismissed without prejudice. This means that Mr. Jauregui is free to file a § 2241 petition in the court in the proper venue and a § 2255 motion in his criminal case. The court expresses no opinion as to whether or not petitioner's claims may be barred by any statutory gate-keeping provisions.

**IT IS THEREFORE BY THE COURT ORDERED** petitioner's claims under § 2241 are dismissed without prejudice as this court is not the proper venue for these claims.

**IT IS FURTHER ORDERED** that any claims in the petition that may only be raised in a § 2255 motion filed in the criminal case are dismissed without prejudice.

IT IS FURTHER ORDERED that petitioner's motion to proceed in forma pauperis (Doc. 2) is denied.

**IT IS SO ORDERED.**

**DATED: This 7th day of June, 2012, at Topeka, Kansas.**

<u>**s/RICHARD D. ROGERS**</u>
**United States District Judge**

3